### The People of the State of Illinois, Defendant in Error, v. Fred Steinhauer, Plaintiff in Error.

1. DRAM-SHOPS—*what constitutes unlawful selling of liquor in anti-saloon territory.* By virtue of the act of 1907 the taking of orders for the sale and delivery of intoxicating liquor within anti-saloon territory is an unlawful selling within the meaning of the statute.

2. DRAM-SHOPS—*what instructions properly refused in prosecution for unlawfully selling intoxicating liquor in anti-saloon territory.* An instruction is properly refused in such prosecution which is not in accord with the statute.

Prosecution for unlawful sale of intoxicating liquor. Error to the County Court of Fayette county; the Hon. JOHN H. WEBB, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed August 5, 1910.

JOHN A. BINGHAM and E. B. SPURGEON, for plaintiff in error.

WILL P. WELKER and ALBERT & MATHENY, for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

The state's attorney of Fayette county filed an information, containing four counts, against plaintiff in error, Fred Steinhauer, charging him with a violation of the law in re-

lation to anti-saloon territory. He was found guilty by a jury under the first two counts of the information, which charged him with the sale of intoxicating liquors in said territory, and sentenced by the court to the jail of the county for twenty days and to pay a fine of $100 and the costs.

At the trial the proofs showed that Steinhauer kept a saloon in Altamont and that he shipped intoxicating liquor by express to customers at Vandalia, which is admitted by both sides to be located in anti-saloon territory; that one day in the summer of 1909, Steinhauer was on a train at the depot in Vandalia, starting home, when Charles Kurtz, a resident of Vandalia gave him a dollar and told him to send over a half gallon of whiskey, and that on the same or the next day Kurtz received the whiskey at the express office in Vandalia; that in October, 1908, Floyd Miller, also a resident of Vandalia, had a conversation with Steinhauer in Vandalia in which Miller ordered a half gallon of whiskey; that Miller afterwards received the whiskey by express at Vandalia and later paid Steinhauer for the same.

Section 12 of the Act of 1907 in relation to anti-saloon territory, provides that "whoever shall by himself or another, either as principal, clerk or servant, directly or indirectly, sell, barter or exchange any intoxicating liquor in any quantity whatever, within the limits of any political subdivision or district of this state, while the same is anti-saloon territory" shall be subject to fine or imprisonment or both. Section 13 of the same Act provides, that the taking of orders within anti-saloon territory for the sale or delivery of any intoxicating liquor, shall be held to be an unlawful selling.

The proofs showed beyond a reasonable doubt, the two instances of the sale of intoxicating liquors by Steinhauer in anti-saloon territory, above referred to.

It is contended however by plaintiff in error that the sale of an article contemplates also the delivery and that the delivery in this case should be held as having taken place at Altamont, where his saloon was located and where he delivered the liquor to the express company. The argument of plaintiff in error is almost entirely devoted to the ques-

tion of the place of delivery and many authorities are cited by him upon that subject. Whatever the common law might be upon this subject, or whatever may have been held in this state or other jurisdictions under other statutes, is immaterial, however, and not necessary for us to consider here.

This prosecution is brought under the anti-saloon territory Act of 1907 and the act itself provides, as above stated, that the taking of orders for the sale or delivery of intoxicating liquor within such territory, shall be held to be an unlawful selling. In this case the order for the liquor was taken and the money paid in anti-saloon territory, which clearly constituted the transaction a sale under the provisions of the statute.

Plaintiff in error complains of the refusal of his instruction No. 4 which told the jury that there could be no conviction unless they believed from the evidence beyond all reasonable doubt, that Steinhauer both sold and delivered the intoxicating liquor in the town of Vandalia. This instruction was properly refused for the reason that it is not in accordance with the statute, under which this information was filed.

The criticism made by plaintiff in error of the instructions given for the people is also based upon the theory that they failed to define a sale of liquor in prohibited territory as including a delivery thereof in the same territory which, as we have above seen, is not required under the statute in question.

The evidence in this case required the jury to render a verdict of guilty. There was no reversible error committed in the trial of the cause and the judgment of the court below will therefore be affirmed.

*Affirmed.*